**Richard CARR, Plaintiff,**

**v.**

**CITY OF CHICAGO, Cook County, Corporation Counsel's Office, Cook County State's Attorney's Office, Palmer House Company, Raymond Sophie, Earl Grinberg, James Lindsey, Officer W. Polacek, Officer C. Burns and unknown officers, prosecutors and civilian whose identities are presently unknown to plaintiff, all individually and in their official capacities, Defendants.**

**No. 85 C 7610.**

United States District Court,
N.D. Illinois, E.D.

Sept. 14, 1987.

Richard Carr, Chicago, Ill., pro se.

Judson H. Miner, Corp. Counsel, City of Chicago by Stanley J. Sacks, Asst. Corp. Counsel, Chicago, Ill., for defendants City of Chicago, Corp. Counsel's Office, Polacek, Burns, and Sophie.

Richard M. Daley, State's Atty., Cook County by James D. Egan, Asst. State's Atty., Chicago, Ill., for defendants Cook

County, Cook County State's Attys. Office, and Grinberg.

Thomas P. Mangan, Garbutt and Jacobson Assoc., Chicago, Ill., for defendants Palmer House Co. and Lindsey.

## MEMORANDUM OPINION

BUA, District Judge.

Before this court is a motion brought by the Palmer House Company and James Lindsey to dismiss them from plaintiff's First Amended Complaint. Plaintiff's claim is based on the deprivation of various constitutional rights, and is brought pursuant to 42 U.S.C. § 1983. This court denies defendants' motion for the reasons stated below.

## FACTS

On January 14, 1983, plaintiff was exiting a restaurant in the Palmer House Hotel in Chicago. Several hotel security guards took plaintiff into custody. One of the security guards, defendant Lindsey, called the Chicago Police and signed a complaint against plaintiff.

Plaintiff was transported by the police officers to police headquarters for the First District. One of the officers informed plaintiff that "every time he came into the First District and they saw him, he would be arrested." Complaint at ¶ 19. Plaintiff was detained at the station lockup for five to six hours before being released. Plaintiff alleges he was arrested, detained and charged in a similar fashion at least twenty times since May 1982. Finally, plaintiff filed this suit on August 29, 1985.

## DISCUSSION

### A. Security Guard James Lindsey

Plaintiff brought a 42 U.S.C. § 1983 action against James Lindsey who is a security guard employed by the Palmer House. The Supreme Court has articulated the two essential elements of a § 1983 action: that plaintiff was deprived of a federally protected right, and the person who deprived plaintiff of the federally protected right acted under the color of state law. *Gomez*

*v. Toledo*, 446 U.S. 635, 638, 100 S.Ct. 1920, 1922–23, 64 L.Ed.2d 572 (1980).

■ The threshold issue before this court is whether James Lindsey was "acting under the color of state law" when he detained plaintiff and signed a complaint against plaintiff. This court believes Lindsey was acting under the color of state law. This court rules Lindsey was not acting as a private citizen in his capacity as a private security guard when he detained plaintiff and signed a complaint against him.

Section 1983 liability can attach only to governmental actors. A private citizen can be transformed into a governmental actor under special circumstances. A private citizen comes within the reach of § 1983 liability only when "he is a willful participant in joint action with the state or its agents." *Gramenos v. Jewel Companies, Inc.*, 797 F.2d 432, 435 (7th Cir.1986). Joint action can be defined as an agreement on a joint course of action in which the private party and the state have a common goal and act in furtherance of that goal. *Id.* See also *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

Private security guards are engaged in "state action" when they enter into agreements with police pursuant to which the security guards carry out the policemen's directions. Security guards who carry out such directions are exercising the state's function and are treated as if they were state officials. But if a security guard is acting independently, his conduct is judged under state tort law principles (*e.g.*, false arrest, malicious prosecution, and battery) rather than being judged under the Fourth Amendment principles.

■ In the instant case, plaintiff alleges defendant Lindsey arrested and detained plaintiff while he notified the police. Two police officers arrived at the Palmer House Company and allegedly "had" Lindsey sign a complaint against plaintiff. Second Amended Complaint at ¶ 17. Paragraph 25 of the complaint alleges the charge against plaintiff, and the arrest and detention of plaintiff were carried out by the Palmer House pursuant to a policy, practice or

custom of the City of Chicago. These allegations were reiterated with a slight modification in paragraph 27. Finally, the complaint suggests Lindsey's cooperation with the police amounts to a conspiracy.

In evaluating plaintiff's pro se complaint, this court construes plaintiff's allegations liberally. This court applies substantially less stringent standards than those applied to complaints drafted by professional counsel. *See Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). This complaint will not be dismissed because it does not appear beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to the requested relief.

Although plaintiff's complaint is not a model of clarity, it tugs at the root of state action. For example, plaintiff alleged the police officers "had" Lindsey sign a complaint against plaintiff. Such an allegation suggests the police officers had some control over Lindsey or that Lindsey was acting in cooperation with the police. In addition, the word "had" connotes control, authority or influence that the police held over Lindsey. A more sophisticated counsel may have phrased the relationship differently between Lindsey and the police. Nevertheless, plaintiff can prove a set of facts sufficient to support his claim. This court will not dismiss this pro se plaintiff's claim merely because he was not schooled in the art of proper pleading.

Now that this court has held that Lindsey was acting under the color of state law, this court must also determine whether Lindsey's actions deprive plaintiff of a constitutional right. After careful consideration, this court finds that plaintiff's constitutional rights were violated. Plaintiff was clearly deprived of his Fourteenth Amendment right to liberty when he was arrested and detained by plaintiff and two Chicago police officers. In sum, this court denies defendant Lindsey's motions to dismiss and for summary judgment.

This court may not be so liberal if it is confronted by a proper motion for summary judgment. Plaintiff may be required to offer some evidence of some concerted effort or plan between Lindsey and the police officers. Otherwise, plaintiff will have failed to establish a question of fact about whether Lindsey violated plaintiff's constitutional rights while acting under the color of state law.

■ The defendants are in tune with this court's logic and have attempted to defeat plaintiff by moving in the alternative for summary judgment. However, defendant fails to comply with local General Rule 12(e) of the U.S. District Court for the Northern District of Illinois. Under Local Rule 12(e), a party moving for summary judgment must serve and file, in addition to affidavits and other materials referred to in Fed.R.Civ.P. 56(e), a statement of the material facts which the moving party contends there is no genuine issue and those facts that entitle the moving party to judgment as a matter of law. Local Rule 12(e) also states that failure to submit such a statement constitutes grounds for denial of the summary judgment motion. Defendant failed to file a statement of material facts. Consequently, this court denies defendant's motion for summary judgment for its failure to comply with Local Rule 12(e).

### B. Palmer House Corporation

■ The Palmer House Corporation also moves to dismiss the amended complaint. The Palmer House claims it cannot be held liable under § 1983 based on vicarious liability for acts of its security guards.

This argument was raised and rejected by Judge Shadur of the United States District Court for the Northern District of Illinois. *Carr v. City of Chicago*, 85 C 6521 (N.D.Ill. Aug. 11, 1986) [Available on WESTLAW, DCT database]. In *Carr*, Judge Shadur was confronted by a plaintiff who had brought suit against the Plitt Theatres, Inc. in response to the allegedly wrongful conduct committed by its employees. Employees of the Plitt Theatres allegedly arrested and detained plaintiff and filed a false complaint against plaintiff. Plitt Theatres moved to dismiss claiming liability cannot be based upon the theory of respondeat superior. Judge Shadur denied the motion stating that private corpora-

tions may be vicariously liable under § 1983 for acts of its employees.

This court is confronted by a factually identical case. The instant plaintiff brought the claims before both this court and Judge Shadur. Moreover, the plaintiff in both cases was detained and arrested by private security employees of a private corporation. In addition, these employees filed complaints against plaintiff. Since the instant case is legally and factually identical to the case before Judge Shadur, this court will adopt the holding presented by Judge Shadur. Accordingly, this court denies the Palmer House's motion to dismiss.

See also, 669 F.Supp. 1418.

## CONCLUSION

This court denies defendant Lindsey's motions for summary judgment and to dismiss plaintiff's Second Amended Complaint. In addition, the Palmer House's motion to dismiss is also denied.

IT IS SO ORDERED.