Isaac **ROBY**, Jr., Plaintiff

v.

Officer George **SKUPIEN**, Defendant.

No. 90 C 4104.

United States District Court,
N.D. Illinois, E.D.

March 7, 1991.

See also, 762 F.Supp. 813.

**472**

Isaac Roby, Jr., pro se.

David R. Schmidt, Lord, Bissel & Brook, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

Plaintiff Isaac Roby has filed a *pro se* complaint charging defendant Officer George Skupien with violating Roby's constitutional rights. Officer Skupien has responded by moving to dismiss the complaint. Plaintiff, in turn, has filed a motion for judgment. For the reasons stated below, Officer Skupien's motion to dismiss is denied. Plaintiff's motion for judgment is also denied.

### I. Motion to Dismiss

"In evaluating a plaintiff's pro se complaint, this court construes plaintiff's allegations liberally. The court applies sub-stantially less stringent standards than those applied to complaints drafted by professional counsel." *Carr v. City of Chicago,* 669 F.Supp. 1418, 1420 (N.D.Ill.1987). Roby's complaint consists of two counts. Count One refers to an incident which occurred on May 24, 1990. Plaintiff alleges that, on May 24, 1990, Chicago police detectives entered his home because they "had [a] complaint by defendant Officer George Skupien Badge No. 721 of the Conrailroad Police Department that Plaintiff had committed a theft ... on May 19, 1990." Complaint at 2. Subsequently, Roby was brought to the police station where " 'alone' in [a] chair, (not in [a] line-up)" Roby was identified by Officer Skupien. Complaint at 2. In Count Two, Roby claims that substantially the same events occurred on June 21, 1990. Chicago police officers entered plaintiff's home and took him to the police station where he was identified by Officer Skupien. Plaintiff claims that these actions violated his first and fourteenth amendment rights. He brings his charges as a civil rights action under 42 U.S.C. § 1983.

 To sustain a § 1983 action, Roby must show that (1) Officer Skupien was acting under color of state law and that (2) while acting under color of state law, Officer Skupien deprived Roby of constitutional rights. Demonstrating that Officer Skupien acted under color of state law requires a showing of state action.[1] State action exists where plaintiff's rights have been deprived by the exercise of some right or privilege created by the state or by a rule of conduct imposed by the state, and the party charged with the deprivation is said to be a state actor. *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982).

 In his motion to dismiss, Officer Skupien denies that he is a state actor. He claims that he is a private individual em-

---

**1.** Officer Skupien could not be charged as a federal actor in a *Bivens* action. While Officer Skupien's employer, Conrail, has substantial connections with the federal government, courts have found that Conrail is not a federal instrumentality and, therefore, its actions do not rise to a level where they constitute federal action. *Regional Rail Reorganization Act Cases,* 419 U.S. 102, 152, 95 S.Ct. 335, 363, 42 L.Ed.2d 320 (1974); *Myron v. Consolidated Rail Corp.,* 752 F.2d 50, 55 (1985). Thus, Officer Skupien could not be said to have acted pursuant to federal law.

ployed by a private corporation. Generally, employees of a private company cannot be charged with exercising state action. Yet, the private corporation in this case is a railroad. Officer Skupien is employed as a police officer in the railroad's police force. In operating a police force, the railroad is acting under a right conferred by the State. Railroads are given the power to appoint and maintain a police force through a statutory provision. *See* Ill.Rev.Stat. ch. 114 para. 98 § 2 (1989). When Officer Skupien acts as a member of the railroad police force, then, he is acting pursuant to a statutorily conferred right.

Moreover, railroad police officers can be said to be state actors. "[W]hen private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations." *Evans v. Newton*, 382 U.S. 296, 299, 86 S.Ct. 486, 488, 15 L.Ed.2d 373 (1966). The railroad police force is designed to "aid and supplement the police forces of any municipality . . . While engaged in the conduct of their employment, the members of such railroad police force have and may exercise like police powers as those conferred upon the police of cities." Ill.Rev.Stat. ch. 114 para. 98 § 2 (1989). These considerations led the Seventh Circuit to conclude in a case involving railroad police officers that acts performed by the railroad police under authority granted them as railroad policemen are acts performed while the railroad policemen are "cloaked with the authority of the state." *United States v. Hoffman*, 498 F.2d 879, 881 (7th Cir.1974).

Here, plaintiff has sufficiently alleged that Officer Skupien was acting in his railroad police capacity. Since plaintiff identified Officer Skupien by his badge number, Officer Skupien must have been wearing the badge at some time during his contact with plaintiff or the Chicago police officers. According to the complaint, Officer Skupien was investigating a theft of Conrail property. It follows that Officer Skupien would have furnished any information to the police and participated in an identification of plaintiff during the course of that

investigation. From these allegations, the court can conclude that Officer Skupien performed the claimed actions in his railroad police capacity and, therefore, under color of state law.

■ Roby must also show that, while acting under color of state law, Officer Skupien deprived him of his constitutional rights. In his complaint, Roby claims violations of his first and fourteenth amendment rights. Even liberally construing plaintiff's arguments, the court cannot find evidence of a violation of first amendment rights. The fourteenth amendment claims are a different story. While it is difficult to determine the extent of Officer Skupien's involvement in the events alleged in the complaint, plaintiff does supply sufficient facts to state a claim. Roby's first claim is that his arrest was false. Count One alleges that the Chicago police officers "had" a complaint from Officer Skupien. It seems that Roby is claiming that his arrest was based on false information provided by Officer Skupien. In addition, plaintiff alludes to an overly suggestive lineup procedure. He talks of the lack of a lineup—an identification made while Roby was alone in a chair. Such a show-up could constitute a violation of Roby's rights if Roby went to trial and the pretrial show-up identification was proven so "unreliable that [Roby's] due process right to fair judicial procedures should have precluded an identification at trial." *United States v. Napoli*, 814 F.2d 1151, 1156 (7th Cir.1987). Both these claims, then, could be the bases for allegations of fourteenth amendment violations.

Whether Officer Skupien's actions rise to the level of a constitutional violation is a question of fact. At this stage in the proceedings, the court cannot make that determination. The court assumes that such questions will be resolved once plaintiff's complaint is supplemented by further information. Since it does not appear "beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief," (*Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972)), the court will not dis-

miss Roby's complaint. Officer Skupien's motion to dismiss is denied.

## II. Motion for Judgment

■ Plaintiff Roby has also filed a motion for judgment. Roby appears to be asking the court to render judgment in his favor because the criminal charges upon which he was originally arrested have been dropped. Dismissal of those charges, though, does not *per se* prove a false arrest. Nor does dismissal conclusively establish an infringement of plaintiff's constitutional rights. To secure a conviction, criminal charges must be proved beyond a reasonable doubt. In contrast, actions taken during the investigative stage can be supported by a lesser standard of proof. For instance, an arrest need only be supported by probable cause—facts which would warrant a prudent person in believing that the individual in question had committed or was committing an offense. *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964). Therefore, even though the criminal charges could not be proved at trial, the officer could still have been acting constitutionally, pursuant to his lesser burden, when he performed his actions during the investigation. Further, far from establishing a constitutional violation, dismissal of the charges would eliminate the second of plaintiff's claims involving a suggestive show-up. Any allegations of a constitutional violation connected to the show-up could only be raised during trial. If no charges remain, no trial will occur. A constitutional claim regarding the show-up would never come up. Accordingly, plaintiff's motion for judgment is denied.